**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**CHERYL BANE**,

      Plaintiff,

vs.                                 **Civ. No. 10-0510 BB/LFG**

**US AIRWAYS[1]**,

      Defendant.

<u>**MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT**</u>

**THIS MATTER** comes before the Court on pro se Plaintiff Cheryl Bane's Motion to Proceed *In Forma Pauperis*, filed May 27, 2010, *see* Doc. 2, and on the Court's concomitant obligation "to review the affidavit and screen her case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

**I. Bane has failed to submit sufficient documentation to show that she is impoverished.**

      Regarding the ability-to-pay prong of the IFP analysis, IFP status should be granted only if a plaintiff demonstrates that she "cannot because of [her] poverty pay or give security for the costs

---

      [1] Although Bane's Complaint names "US Airways" as the Defendant, she also indicates that "US Airlines" is the Defendant in the body of her Complaint and in her IFP application. I am not sure which entity Bane desires to sue, but I have used US Airways as the Defendant because that is the way Bane styled her Complaint.

. . . and still be able to provide [herself] and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

I first note that Bane did not file, as required by 28 U.S.C. § 1915(a)(1), an "affidavit," which is a "statement of facts confirmed by oath before a judicial officer having authority to administer the oath," 2A C.J.S. *Affidavits* § 1 (2009); *Kiehne v. Atwood*, 93 N.M. 657, 667, 604 P.2d 123, 133 (1979), or signed under penalty of perjury, *see* 28 U.S.C. § 1746 (allowing federal requirements of an affidavit to be satisfied by a writing signed by the individual and "subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: . . . 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on (date). (Signature).'").  Failure to "fill out the proper forms or to otherwise provide the district court with the requisite information" in a sworn affidavit is grounds to deny a motion to proceed IFP because the Court is not required to rely on a plaintiff's "bald assertions" that he is unable to pay fees. *Lister*, 408 F.3d at 1313.  The affidavit requirement also serves as a deterrent function because "[o]ne who makes this affidavit exposes himself to the pains of perjury in a case of bad faith. . . . This constitutes a sanction important in protection of the public against a false or fraudulent invocation of the statute's benefits." *Adkins*, 335 U.S. at 338 (internal quotation marks omitted).  The perjury sanction thus serves to protect the public against misuse of public funds by a litigant with adequate funds of her own.

Further, Bane's unsworn financial statement indicates that, although she claims that she owns no property, banking accounts, automobiles, or other assets, and that she pays nothing for rent, utilities, or other necessities,  *see* Doc. 2 at 2-3, her Complaint indicates that she is married to a pastor who apparently is employed.  Under New Mexico law, she has the right to one-half of all of

2

the community assets, including his income.  *See* N.M.S.A.1978 § 40-3-8; *Nichols v. Nichols*, 98 N.M. 322, 327, 648 P.2d 780, 785 (1982) ("Property acquired by either or both spouses during their marriage is presumptively community property.").  Thus, even if checking or savings accounts are in her husband's name, Bane would legally be entitled to use funds from those accounts to pay her filing fees.  Bane has not given the Court sufficient information about her financial status to warrant burdening other taxpayers with the costs of filing and serving Bane's lawsuit.  If Bane decides to refile another IFP application in a new case, she shall report all of her husband's financial information.  *See Lemons v. K.C. Mo. Police*, No. 05-1254, 158 Fed. Appx. 159, 160,  2005 WL 3388580, **1 (10th Cir. Dec. 13, 2005) (stating that, if a court denies a request for IFP status solely because the plaintiff fails to establish that he is unable to pay fees, the court should dismiss the complaint without prejudice, after which the plaintiff "may initiate a new action by 1) refiling his complaint and 2) paying the [] filing fee required under 28 U.S.C. § 1914 or submitting a completed motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 on the proper, Court-approved form").

## II.    Bane's Complaint does not state a cognizable federal claim.

Should Bane choose to pay the filing fees and resubmit her Complaint, the Court warns that, as it currently is written, her Complaint fails to state a cognizable federal claim.  In screening the Complaint under § 1915(e)(2)(B), the Court resolves the issue of whether it states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6).  *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.   Rather than adjudging whether a claim is 'improbable,' factual allegations in a complaint must be enough to raise a right to relief above the speculative level.   In addition, [the Court] must construe a pro se [] complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted).   In screening the Complaint, the Court will accept as true Bane's allegations and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to her.   *See id.* at 1217.

Bane used a form complaint that alleges violation of § 1983 in both the style area of the complaint and in its jurisdictional statement.   *See* Complaint at 1.   In the body of the complaint, however, Bane alleges that either US Airlines or US Airways, through its station manager, Danny Green, discriminated against her "under Title VII of the Civil Rights Act of 1964" by wrongfully terminating her.   *See id.* at 2.   In support of her claim, Bane states that, on April 12, 2008 she was "fired for using" a future travel award, but that, in fact, she had neither used nor ticketed the award. *Id.*   And she states that she was wrongfully terminated at "47 years of age, near the end of my career, anticipating retirement with unlimited stand-by flight benefits." *Id.*   She states that, during that time, all the employees "walked on 'eggshells,' documenting everything, to preserve our jobs, during the 'weeding out' process, due to the merger of America West and US Airlines." *Id.*   In a section entitled "Hostile Work Environment", Bane describes an incident in which a supervisor threw a chair "out of stress" in a break room where she was eating lunch, and states that Green "grabbed a co-worker, Jason Torres by the arm."   Complaint at 3.   She states that a former male supervisor would testify that the "work conditions under . . . Green . . . were unbearable."   *Id.*

Without more, these facts do not support a claim either under § 1983 or under Title VII.   To show a violation of § 1983, Bane must allege facts establishing that "some person has deprived [her]

of a federally protected right;" and "that the person who has deprived [her] of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  Neither US Airways nor Mr. Green are state actors - they are a private corporation and a private individual.

Bane also fails to allege any facts from which a jury could infer that she was terminated because of her "race, color, religion, sex, or national origin" as required by Title VII.  *See* 42 U.S.C.A. § 2000e-2(a)(1).  Bane mentions no other federal statute in her Complaint, and the Court "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

If she chooses to file another Complaint, Bane is cautioned that she must allege specific facts, and not just conclusory allegations, to show that she is entitled to recovery under the specific statute that she alleges gives this Court federal subject-matter jurisdiction over her claims.  *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

**IT IS ORDERED** that Bane's motion to proceed IFP [Doc. 2] is DENIED, and her Complaint is DISMISSED without prejudice under § 1915(e)(2)(A).

_____
UNITED STATES DISTRICT JUDGE